UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
HARVEY J. KESNER,                                             :
                                                              :
                            Plaintiff,                        :
                                                              :    **ORDER GRANTING MOTION**
            -against-                                         :    **TO TRANSFER CASE**
                                                              :
BAKER BOTTS, LLP and JONATHAN A.                              :    20 Civ. 551 (AKH)
SHAPIRO,                                                      :
                                                              :
                            Defendants.                       :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Plaintiff Harvey J. Kesner commenced this action in January 2020, contending that Defendants Baker Botts, LLP and Jonathan A. Shapiro "threatened" to sue Kesner for fraud and other misdeeds in order to extract a settlement payment from Kesner. *See* Complaint, ECF No. 3, at ¶ 2. Kesner brings causes of action for alleged violations of RICO, 18 U.S.C. § 1962, state law deceptive business practices, *see* N.Y. Gen. Bus. Law § 349, tortious interference with business expectancies, intentional infliction of emotional distress, "prima facie tort," and finally violations of New York Judiciary Law § 487. *See generally id*.

   On March 12, 2020, Defendants filed the instant motion to dismiss the case on a variety of grounds. Defendants argue that there is no specific personal jurisdiction in New York; that Kesner has failed to state a claim under RICO or state law; and that, in any event, this Court should exercise its discretion to transfer this case to the Southern District of California, where an action against Kesner for fraud is ongoing (using the very same complaint that Kesner identifies in his RICO claim), wherein the California court has already, *inter alia*, denied Kesner's motions to dismiss and/or transfer the action to New York. *See* Def. Mem. at 2-3; *MabVax Therapeutics Holdings, Inc. v. Sichenzia Ross & Ference LLP*, No. 3:18-cv-02494 (S.D. Cal.). Under Local Civil Rule 6.1(b), Kesner's response to Defendant's motion was due 14 days later. On May 29,

nearly eighty days after Defendants filed their motion, and lacking any response from Kesner, I issued an order instructing Kesner to file a response no later than June 4, 2020 and stating that if no response was filed, I would decide the motion.  ECF No. 16.  Kesner did not file a response to the motion, and instead filed a separate motion on June 4 seeking leave to amend the complaint, attempting to justify the delay by noting that one of Kesner's attorneys (but not all of them) was ill during March and April.  *See* ECF No. 17.

After careful review of Defendants' moving papers and Kesner's Complaint, I hold that this case should be transferred to California.  Without cataloguing what appear to be a number of glaring factual inaccuracies in the Complaint,[1] or reviewing each and every one of Defendants' arguments for dismissal, I focus here solely on the need to transfer this case pursuant to 28 U.S.C. § 1404(a).

This action has virtually no meaningful connection to this district.  The Complaint's only concrete fact cited to situate this case in New York is that Shapiro and Baker Botts "emailed and delivered via Federal Express *from California* to New York a letter and 28-page lawsuit which Baker Botts and Shapiro threatened to file."  Compl. at ¶ 2.  In other words, Shapiro——a citizen of California who works out of the California office of Baker Botts, *see id*. at ¶ 9——sent a message from California, on behalf of a client also based in California, attaching a draft complaint intended to be filed in California, to Kesner, who was living in Florida (where he is a citizen) when the letter was sent, *see id*. at ¶ 7 ("Throughout the time he was extorted … [he] lived with his family in Fort Lauderdale.").

---

[1] For example, the Complaint repeatedly states that Defendants' sent Kesner a letter threatening to a file a lawsuit against him, despite having "no … intention to file anything," Compl. at ¶ 2; *see id*. at ¶ ("No suit was ever filed by Baker Botts and/or Shapiro"), but that suit, of which I may take judicial notice, was indeed filed and is ongoing in the Southern District of California, *see MabVax Therapeutics Holdings*, No. 3:18-cv-02497.

By contrast, an action that is, at *least*, very closely related, is proceeding in the Southern District of California, where Defendants have acknowledged they may be sued, where millions of discovery documents have already been produced, where nearly all of the plausible witnesses reside in California, and where the California court has, to date, issued a number of substantive rulings and denied Kesner's attempts to relocate the case to New York. The *MabVax* action was filed, with the very complaint Kesner claims extorted him, almost two years ago, 18 Civ. 2494 (S.D. Cal.), and, aside from being conceptually inseparable from this suit, has already received extensive judicial treatment from that court. Kesner is not a citizen of New York and recently *opposed* a motion to transfer a suit to New Yorki from Florida, arguing that New York would be an inconvenient forum. *See Kesner v. Dow Jones & Co.*, 19 Civ. 61370 (S.D. Fla. 2018), ECF No. 49, at 15 ("The Southern District of Florida is the most convenient forum for Plaintiff.").

Efficiency, convenience of witnesses, the Southern District of California's deep familiarity with this dispute, and the minimal weight owed to Kesner's forum choice, uniformly call for transfer here. *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F.Supp.2d 735, 741 ("Assessing whether transfer is a valid exercise of discretion requires the Court to balance various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice."); *see id.* ("[W]here personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of

New York, it is prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to the Southern District] irrelevant.") (quotation marks and alterations omitted).  And surely the "interest of justice" here, *see* 28 U.S.C. 1404(a), entails preventing Kesner from circumventing the California rulings denying his transfer requests rather than permitting this duplicative action to continue.  *See APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F.Supp.2d 664, 668 (S.D.N.Y. 1999) ("It is well established that the existence of a related action pending in the transferee court weighs heavily toward transfer."); *see also, e.g., Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F.Supp.2d 370, 376 (S.D.N.Y. 2006).

In sum, Defendants' motion is granted, with costs to be taxed by the Clerk, plus $1,000 in reasonable attorneys' fees because of plaintiff's frivolous opposition to the motion.  The Clerk shall transfer the file to the Southern District of California.  Kesner's motion for leave to amend the Complaint is denied.  The Clerk is instructed to close both of the open motions (ECF No. 11, 17).

SO ORDERED.

Dated:   June 8, 2020                         _____/s/_____
         New York, New York                   ALVIN K. HELLERSTEIN
                                              United States District Judge